**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CINDY WOOLBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.  2:20-CV-2203-DMC<br><br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 5 and 7, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c) see also ECF No. 8 (minute order reassigning case to Magistrate Judge).  Pending before the Court are the parties' briefs on the merits, ECF Nos. 14 and 15.

      The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

Step 1   Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2   If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3   If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

///

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

3

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on December 18, 2017. See CAR 15.[1] In the application, Plaintiff claims disability began on June 2, 2017. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on February 12, 2020, before Administrative Law Judge (ALJ) Daniel Myers. In a March 16, 2020, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

> 1. The claimant has the following severe impairments: degenerative joint disease and arthritis.
>
> 2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3. The claimant has the following residual functional capacity: lift/carry 10 pounds maximum; cane use for ambulation; stand/walk four hours total; sit six hours total; stoop occasionally; no ladder climbing, no crouching; no crawling; no kneeling; and avoiding all exposure to hazards such as unprotected heights and dangerous moving machinery.
>
> 4. Considering the claimant's age, education, work experience, residual functional capacity, vocational expert testimony, and the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See CAR 17-24.

After the Appeals Council declined review on September 2, 2020, this appeal followed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Citations are to the Certified Administrative Record (CAR) lodged on July 30, 2021, ECF No. 11.

## III.  DISCUSSION

In her motion for summary judgment, Plaintiff argues: (1) the final decision of the Commissioner arises from an unconstitutional administrative process, and (2) where the ALJ relies on vocational findings in conflict with the Dictionary of Occupational Titles (DOT) and fails to resolve that conflict, the Court should reverse and remand.

### A.  **Constitutionality of the Administrative Process**

In her brief, Plaintiff argues that this matter must be remanded because the Commissioner's final decision arose from an unconstitutional process. See ECF No. 24, pgs. 6-10.  Specifically, Plaintiff challenges the ALJ's authority to hear a case under Seila Law LLC v. CFPB, 140 S.Ct. 2183 (2020), and Collins v. Yellen, 141 S.Ct. 1761 (2021), and contends that, during the times relevant to this case, the Commissioner of Social Security (Andrew Saul) had been appointed pursuant to an unconstitutional statute.  See id.  According to Plaintiff:

> Here, the ALJ heard this claim on February 12, 2020. AR 29-52. The ALJ issued the decision on March 11, 2020. AR 12-28. The Appeals Council denied review on September 2, 2020. AR 1-6. Thus, the relevant agency actions (hearing, decision, administrative review) were all completed within the unconstitutional tenure of Commissioner Saul. As the single member-head in an unconstitutional structure, the Commissioner had no authority to delegate to the ALJ in this case or to the Appeals Council to make findings of fact and issue final decisions as to benefits eligibility. Where an agency's actions have been completed under unconstitutional authority, these actions are also constitutionally defective. *Lucia v. SEC*, 138 S.Ct. 2044, 2055 (2018).

ECF No. 14, pgs. 8-9.

As Plaintiff correctly notes, Andrew Saul held the office of Commissioner of Social Security as the sole person dischargeable only for cause between June 17, 2019, and July 9, 2021.  Ramos v. Comm'r of Soc. Sec., No. 1:20-cv-01606-EPG, 2022 U.S.Dist.LEXIS 5721, *5-6 (E.D. Cal. Jan. 10, 2022).  Plaintiff relies on an Office of Legal Counsel opinion that considered the Supreme Court's decisions in Seila Law and Collins and concluded that "[w]e believe that the best reading of those decisions compels the conclusion that the statutory restriction on removing the Commissioner is unconstitutional." ECF No 14, pg. 7 (citing 45 Op. O.L.C. __, at Section II.B (July 8, 2021)).  Plaintiff concludes that Commissioner Saul's

1 appointment pursuant to an unconstitutional statutory restriction on removal only for cause
2 tainted the entire administrative process in this case and requires remand.
3       Other federal district courts that considered the Social Security Commissioner's
4 removal power found that the removal clause of 42 U.S.C. § 902(a)(3) did indeed violate the
5 separation of powers doctrine insofar as it granted for-cause removal protection to the
6 Commissioner of Social Security. See Lisa Y. v. Comm'r of Soc. Sec., No. C21-5207-BAT, 2021
7 U.S. Dist. LEXIS 215767, at *16 (W.D. Wash. Nov. 8, 2021); see Ramos, 2022 U.S.Dist.LEXIS
8 5721 at *5. Although there is no controlling authority on this point, federal district courts agree
9 that to have standing on the claim that the unconstitutional removal provision for the Social
10 Security Commissioner requires remand, the Plaintiff must show some connection between the
11 unconstitutional provision and the unfavorable decision rendered by the ALJ. See Rivera-Herrera
12 v. Kijakazi, No. 1:20-cv-01326-GSA 2021 U.S.Dist.LEXIS 225340, at *19 (E.D.Cal. Nov. 21,
13 2021) ("[G]iven the lack of any controlling or persuasive authority to that effect, the Court will
14 defer to the holdings of the only district courts in this Circuit who have spoken on the issue and
15 found that such claims fail for lack of standing because the denial of disability benefits is not a
16 harm fairly traceable to § 902(a)(3)'s removal provision."); Frank W. v. Kijakazi, No. 20-cv-
17 1439, 2021 U.S. Dist. LEXIS 227031, at *4 (S.D. Cal. Nov. 24, 2021) ("Here, there is no
18 allegation even suggesting a direct nexus between the adjudication of plaintiff's disability claim
19 by the SSA and the alleged separation of powers violation in the removal statute that applies to
20 the Commissioner."); Shaun A. v. Comm'r of Soc. Sec., No. C21-5003-SKV, 2021 U.S. Dist.
21 LEXIS 225120, at *4-6 (W.D. Wash. Nov. 22, 2021) ("Plaintiff cannot show any connection
22 between the unconstitutional limit on Commissioner Saul's removal and the ALJ's decision
23 denying him benefits."); Brinkman v. Kijakazi, No. 2:21-CV-00528-EJY, 2021 WL 4462897, at
24 *2 (D. Nev. Sept. 29, 2021) ("In this case, unlike Seila Law, Plaintiff does not allege facts that
25 support a finding that her injury, the denial of disability benefits, can be or is traced to the
26 conduct of the SSA Commissioner."); Jordan v. Comm'r of SSA, No. CV-21-08022-PCT-DGC,
27 2022 U.S. Dist. LEXIS 51133, at *11-12 (D. Ariz. Mar. 22, 2022) ("Because Plaintiff has shown
28 no cognizable harm from § 902(a)(3)'s removal provision, he is not entitled to a new

administrative hearing."); Ramos, 2022 U.S.Dist.LEXIS 5721 at *9 ("Here, Plaintiff has not shown any connection between the denial of benefits and the unconstitutional removal provision. Accordingly, remand is not warranted.").

In the instant case, Plaintiff has not met this burden because she does not show the requisite connection between the unconstitutional removal provision associated with former Commissioner Saul's appointment and the ALJ's decision denying her benefits. Plaintiff alleges no facts which would indicate how the decision to deny benefits was affected by the unconstitutional provision. Therefore, Plaintiff's request for relief based on the unconstitutionality of the removal provision under which former Commissioner Saul was appointed is denied.

**B.    Vocational Findings**

At Step 5, the Medical-Vocational Guidelines (Grids) provide a uniform conclusion about disability for various combinations of age, education, previous work experience, and residual functional capacity. The Grids allow the Commissioner to streamline the administrative process and encourage uniform treatment of claims based on the number of jobs in the national economy for any given category of residual functioning capacity. See Heckler v. Campbell, 461 U.S. 458, 460-62 (1983) (discussing creation and purpose of the Grids).

The Commissioner may apply the Grids in lieu of taking the testimony of a vocational expert only when the Grids accurately and completely describe the claimant's abilities and limitations. See Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983). Thus, the Commissioner generally may not rely on the Grids if a claimant suffers from non-exertional limitations because the Grids are based on exertional strength factors only. See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(b). "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have non-exertional . . . limitations that are not covered by the Grids." Penny v. Sulliacvan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(d), (e)). The Commissioner may, however, rely on the Grids

even when a claimant has combined exertional and non-exertional limitations, if non-exertional limitations do not impact the claimant's exertional capabilities.  See Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988).

In cases where, as here, the Grids are not fully applicable, the ALJ may meet his burden under step five of the sequential analysis by propounding to a vocational expert hypothetical questions based on medical assumptions, supported by substantial evidence, that reflect all the plaintiff's limitations.  See Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995).  Specifically, where the Medical-Vocational Guidelines are inapplicable because the plaintiff has sufficient non-exertional limitations, the ALJ is required to obtain vocational expert testimony.  See Burkhart v. Bowen, 587 F.2d 1335, 1341 (9th Cir. 1988).

Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant.  See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value.  See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ may pose to the expert a range of hypothetical questions based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole.  See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

Here, the ALJ made the following vocational findings at Step 5:

> If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.24. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The

///

///

///

>vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as:
>
>> • Office helper (DOT 239.567-010, SVP 2, light exertion), for which 112,000 positions exist nationally.
>>
>> • Information clerk (DOT 237.367-018, SVP 2, light exertion), for which 83,000 positions exist nationally.
>
>Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
>Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

CAR 23-24.

Plaintiff argues that the ALJ's vocational findings at Step 5 should be reversed as invalid because the ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the DOT job classifications. See EFC No. 14, pgs. 10-12. According to Plaintiff:

>Although the ALJ found that the vocational expert's testimony was consistent with the DOT, he did not ask her if it was consistent with the DOT. AR 23, 49-50. The ALJ did ask the vocational expert if there would be any change in job numbers in light of the lifting limitation to 10 pounds maximum and needing a cane for any ambulation. AR 49. The vocational expert stated that she would not erode the job numbers because "there really isn't much lifting in those two occupations." AR 49. The ALJ sought no explanation for the deviation from the DOT regarding the standing/walking limitations.

ECF No. 14, pg. 11.

For Social Security benefits hearings, the DOT is the default presumption for disability classifications. Massachi v. Astrue (9th Cir. 2007) 486 F.3d 1149, 1150. Moreover, the ALJ has an affirmative responsibility to ask about any possible conflict between vocational expert evidence and information provided in the DOT. Id. The ALJ may, however, rebut the presumption of applicability of the DOT when expert testimony exists that is supported by persuasive evidence contradicting the DOT. See Murry v. Apfel, 1999 U.S. App. LEXIS 28911, 1, 9 (9th Cir. 1999) (holding that the Administrative Law Judge is not bound by the DOT

descriptions but can instead rely on the testimony of the vocational expert and own findings specific to the individual plaintiff before the Administrative Law Judge); see also Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999) (holding that the ALJ can rely on vocational expert's testimony as to (1) the jobs a claimant can work in given the limitations and residual functional capacity and (2) the availability of these jobs on a national scale); see also Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995) (concluding that vocational experts have the authority to testify whether a particular plaintiff would be able to perform specific jobs within DOT subcategories); Distasio v. Shalala, 47 F.3d 348, 350 (9th Cir. 1995); see also Barker v. Secretary of Health and Human Svcs., 882 F.2d 1474, 1478 n.1 (9th Cir. 1989) (holding that a plaintiff restricted to sedentary work is not automatically barred from performing all "light" jobs when plaintiff was still capable of performing a subcategory of "light" jobs); see also Terry v. Sullivan, 903 F.2d 1273, 1277 (9th Cir. 1990).

The ALJ determined that Plaintiff is capable of light work requiring no more than a total of four hours standing and walking. The ALJ also stated that Plaintiff requires a cane for ambulation. As framed by Plaintiff, the issue is whether the ALJ adequately resolved an apparent conflict between the jobs identified by the vocational expert and the DOT classifications with respect to Plaintiff's stand/walk limitations and use of a cane. For the reasons discussed below, the Court finds no conflict and that the ALJ properly relief on the vocational expert's testimony to rebut the presumptive application of DOT classifications.

The transcript of the administrative hearing reflects the following exchange during the ALJ's examination of the vocational expert:

> Q: Thank you. If you assumed a hypothetical individual who was limited to light duty work and further limited to lifting and carrying 20 pounds occasionally, ten pounds frequently, standing and walking four hours total, sitting up to six hours total, only occasional stooping, no crouching, crawling, or kneeling, no ladders, must avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. Could that hypothetical individual perform the work that Ms. Woolbert just performed in the past?
>
> A: No.
>
> Q: What, if any, occupations in the national or regional economies might that hypothetical individual be able to perform?

10

> A: I would look at light, unskilled jobs. Examples would be an office helper and that number is 239.567-010, light, SVP 2, and that grouping nationally, at least 112,000 positions, and information clerk, 237.367-018, light, SVP 2, and that grouping nationally, at least 83,000 positions, and a third would be a mail room clerk, 209.687-026, light, SVP 2, and in that grouping nationally, at least 68,000 positions.
>
> Q: If the hypothetical individual actually was limited to -- had all those limitations I've already described but was further limited to lifting and carrying ten pounds maximum and standing, let's see -- needing a cane for any ambulation. Could that hypothetical individual still work as an office helper, information clerk, or mail room clerk?
>
> A: I would say the officer helper and the information clerk would remain. The mail room clerk I would exclude.
>
> Q: And with regard to office helper and information clerk, would the number of jobs available in the national or regional economies remain the same?
>
> A: Yes, I don't -- there really isn't much lifting in those two occupations, so I wouldn't erode the numbers.
>
> * * *
>
> Q: And is that based on information that's in the Dictionary of Occupational Titles and Selected Characteristics of Occupations?
>
> A: No, that information is not in the Dictionary of Occupational Titles. It would be based on my education, training, and experience, and also the use of a cane is not in the DOT either.

CAR 48-50.

First, the Court rejects Plaintiff's argument that the ALJ failed to ask the vocational expert about possible conflicts with the DOT. To the contrary, as the hearing transcript reflects, the ALJ expressly asked if the vocational expert's testimony was based on the DOT and the vocational expert responded that they were not. Second, the Court finds that, by obtaining vocational expert testimony based on Plaintiff's residual functional capacity – a finding which she does not challenge – the ALJ adequately rebutted the presumptive application of the DOT in this case. Finally, the vocational expert's testimony regarding jobs someone with Plaintiff's sit/stand restriction and cane requirement can do constitutes substantial evidence to support the ALJ's vocational findings at Step 5.

///

///

### IV.  CONCLUSION

Based on the foregoing, the Court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 14, is denied;
2. The Commissioner's final decision is affirmed; and
3. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  August 3, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE